IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**THOMAS R. SMITH,**
    **Plaintiff,**

**v.**                                               **No: 3:02cv291/RV/MD**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

Before the court is a petition for authorization of attorney fees (doc. 44), to which defendant has responded (doc. 45). Plaintiff's counsel seeks compensation pursuant to 42 U.S.C. § 406(b) for time spent in this court successfully obtaining benefits for his client. He seeks a total of $4,503.00 under a contingent fee contract with his client. He has filed an accounting of time spent that shows a total of 46.5 hours as the total time spent representing plaintiff in court. Defendant does not object to the request (doc. 45).

Plaintiff's counsel concedes that he is entitled to be awarded fees only for the time spent in the judicial portion of the case, and that if awarded fees, he will be required to refund to plaintiff the amount of $5,812.50 previously awarded under the EAJA (doc. 43), which counsel is holding in trust for his client. As the result of counsel's efforts in this case, plaintiff was awarded back benefits beginning in November, 2003, and the Commissioner has withheld $9,803.00 from the amount owed for payment of fees pursuant to § 406(b), and has already paid counsel

$5,300.00 for the administrative portion of the case. The balance of the amount withheld, $4,503.00 is what he seeks in the instant application.

The contingent fee contract at issue here provides that plaintiff shall pay her attorney 25% of the past benefits recovered. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature. Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms, but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall. 535 U.S. at 808, 122 S.Ct. at 1828. Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent." 865 F.2d at 739. On the other hand, the full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded his clients." *Id.*

Cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases. *See, e.g., Hearn v. Barnhart*, 2003 WL 21186035 (N.D. Cal. 2003) (awarding *de facto* hourly rate of $450); *Boyd v. Barnhart*, 2002 WL 32096590(E.D.N.Y. 2002) (approving $455); *Dodson v. Barnhart*, 2002 WL 31927589 (W.D. Va. 2002) (approving $694); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga.) (approving $350).

*Case No: 3:03cv291/RV/MD*

Here plaintiff and her attorney agreed to a reasonable fee of 25% of past benefits recovered (doc. 44, ex. C).  The Commissioner withheld $9,803.00 from the amount awarded to plaintiff, calculated as 25% of the award.  Plaintiff's counsel has spent 46.5 hours representing plaintiff in this court.  Thus, if he is awarded the full 25% contingency for his court time, his effective hourly rate will be $96.84, substantially less than the $125.00 hourly rate upon which the earlier EAJA award was based.  Counsel did not rely on boilerplate pleadings, but after having failed in this court, succeeded in obtaining a reversal by the Eleventh Circuit, and ultimately prevailed before the Commissioner.  Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded his client.  Plaintiff's counsel has been handling this case since November 2003, and represented the plaintiff with the expectation that he would receive nothing for his efforts if he was not successful.  It does not appear that counsel was in any way responsible for any delay in the proceedings.  The undersigned therefore finds that the fee requested, being the fee contemplated in the fee agreement between the plaintiff and her attorney, is reasonable.

Accordingly, it is respectfully RECOMMENDED that the petition for authorization of attorney fees (doc. 44) be granted, and that the court

   a.   Order the Commissioner to disburse the sum of $4,503.00 to plaintiff's counsel, Byron A. Lassiter, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b), and

   b.   Order counsel to refund to plaintiff the $5,812.50 previously awarded him by this court under the EAJA.

At Pensacola, Florida, this 24th day of January, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Page 4 of  4*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:03cv291/RV/MD*